Gary A. Zipkin
Kristin E. Bryant
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, Alaska 99501
(907) 793-2200 Telephone
(907) 793-2299 Facsimile
E-mail:  gzipkin@guessrudd.com
E-mail:  kbryant@guessrudd.com

Attorneys for BOTTLING GROUP, LLC a/k/a
Pepsi Cola Bottling Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| WENDY M. BOUWENS and<br>JUAN L. AUNE, | ) ) ) | |
| Plaintiffs, | ) ) | U.S. District Court Case No.<br>3:14-cv-_____ |
| v. | ) ) | |
| BOTTLING GROUP, LLC a/k/a<br>Pepsi Cola Bottling Company and<br>John Doe (1 and 2), | ) ) ) ) | Superior Court Case No.<br>3AN-14-04536 CI |
| Defendants. | ) ) ) | |

## NOTICE OF REMOVAL

To:   Wendy M. Bouwens
      c/o Robert A. Rehbock, Esq.
      Rehbock & Rehbock
      301 East Fireweed Lane, Suite 101
      Anchorage, AK  99503

To: Juan L. Aune
c/o Robert A. Rehbock, Esq.
Rehbock & Rehbock
301 East Fireweed Lane, Suite 101
Anchorage, AK  99503

Guess & Rudd P.C., attorneys for Bottling Group, LLC, ("Bottling Group"), hereby removes to this court the state court action described below:

I. Introduction

On January 21, 2014, plaintiffs Wendy M. Bowens and Juan L. Aune filed a suit against Bottling Group in the Superior Court for the Third Judicial District at Anchorage, Alaska, entitled <u>Wendy M. Bowens and Juan L. Aune v. Bottling Group, LLC and John Doe (1 and 2)</u>, Case No. 3AN-14-4536 CI.

The Complaint alleges that defendant failed to properly construct, design, and/or maintain and/or remove hazardous conditions.[1]  Plaintiffs requested a judgment against the defendants for an amount greater than $500,000, plus interest, costs, and attorney's fees.[2]

This court has jurisdiction pursuant to 28 U.S.C. § 1446; defendant has attached as Exhibit A a copy of the Complaint.  This Notice of Removal is filed within the allotted time for removal.  The Defendant was served with the Summons and Complaint on January 24, 2014 - this notice of removal is within the thirty-day window

---

[1] See Exhibit A, Complaint.

[2] Id. at p. 9.

provided under 28 U.S.C. § 1446(b). Defendant has attached as Exhibit B a copy of CT Service of Process Transmittal.

Defendant has, simultaneously with this filing, also filed its Notice Re: Removal in the Superior Court of the Third Judicial District at Anchorage.

II. Argument

A. The Amount in Controversy exceeds $75,000

The Complaint seeks compensatory damages in an amount in excess of $75,000. Where a complaint set forth a specific amount of damages in excess of the jurisdictional amount, then the plaintiff's allegations are controlling.[3] "The amount in controversy includes the amount of damages in dispute, as well as attorneys' fees, if authorized by statute or contract."[4] Plaintiffs' Complaint has a specific amount of damages in excess of $75,000 -- specifically asking "for an amount in excess of $500,000.00" plus costs and attorneys' fees. The requisite amount in controversy is satisfied.

B. Complete Diversity Exists as to All Parties

There exists complete diversity of citizenship between the parties. The Complaint alleges that Wendy M. Bowens and Juan L. Aune were, and are, residents of

---

[3] See Sanchez v. Monumental Life ins. Co., 102 F.3d 398, 402 (9th Cir. 1996)("the sum claimed by the plaintiff controls if the claim is apparently made in good faith") (quoting St. Paul Mercury Indem. Co. v. Red Cab. Co., 303 U.S. 283 (1938)).

[4] Kroske v. U.S. Bank Corp. 432 F.3d 976, 978 (9th Cir. 2005) citing Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155–56 (9th Cir.1998).

Anchorage, Alaska.[5] Defendant Bottling Group is a corporation organized and existing under the laws of the State of Delaware and is a "person" as defined in 33 U.S.C. § 1362(5) and 40 C.F.R. § 122.2. Bottling Group's principal place of business is in Somers, New York. As such, Bottling Group is a citizen of Delaware and New York for diversity purposes.[6]

John Doe (1 and 2) have been unidentified and as such are disregarded for the purposes of diversity jurisdiction. For cases removed to federal court on the basis of diversity jurisdiction, Title 28 U.S.C. § 1441(b)(1) provides, "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."[7]

### III.   Conclusion

Because the substantive requirements of federal diversity jurisdiction have been fully satisfied, defendant respectfully request that this court assume full jurisdiction over this action.

---

[5] Exhibit A, Complaint ¶1 and 2.

[6] 28 U.S.C. § 1332(c)(1).

[7] 28 U.S.C. § 1441(a); see also Derungs v. Wal-Mart Stores, Inc., 162 F.Supp.2d 861, 863 n.4 (S.D. Ohio 2001) (disregarding citizenship of unnamed defendants because,"[a]lthough it is extremely likely that the five John Doe Defendants are citizens of Ohio, given that they work in Dayton-area Wal-Mart stores, they remain unidentified in the Plaintiffs' amended complaint.") (citing Alexander v. Electronic Data Systems Corp., 13 F.3d 940, 948 (6th Cir. 1994)).

DATED at Anchorage, Alaska, this 21st day of February, 2014.

GUESS & RUDD P.C.
Attorneys for Bottling Group, LLC


By:        /s Gary A. Zipkin
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, AK 99501
Phone: (907) 793-2200
Fax: (907).793-2299
E-Mail:gzipkin@guessrudd.com
Alaska Bar No. 7505048


CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of February, 2014, I mailed a true and correct copy of the foregoing document to:

Robert A. Rehbock, Esq.
Rehbock & Rehbock
301 East Fireweed Lane, Suite 101
Anchorage, AK 99503

Guess & Rudd, P.C.


By: s/ Gary A. Zipkin
F:\DATA\6331\1\Pleadings\03 Notice of Removal federal.doc