REHBOCK & REHBOCK
301 East Fireweed Lane, Ste. 101
Anchorage, Alaska  99503
(907) 277-5723
FAX:  (907) 276-8289

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

WENDY M. BOUWENS and )
JUAN L. AUNE, )
 )
        Plaintiffs, )
vs. )
 )
BOTTLING GROUP, LLC a/k/a )
Pepsi Cola Bottling Company )
and John Doe (1 and 2), )
 )
        Defendants. )
 ) Case No. 3AN-14-4536 CI

COPY Original Received JAN 2 1 2014 Clerk of the Trial Courts

## COMPLAINT FOR DAMAGES ON PERSONAL INJURIES

COMES NOW Plaintiffs, Wendy M. Bouwens and Juan L. Aune, by and through their counsel of record, Robert A. Rehbock, of Rehbock & Rehbock, and for their Complaint against Defendant Bottling Group, LLC ("Pepsi"), states and alleges as follows:

1.  Plaintiff Wendy M. Bouwens was and is a resident of the State of Alaska, Third Judicial District, and has been at all times pertinent hereto.

2.  Plaintiff Juan L. Aune who uses the first name John was and is a resident of the State of Alaska, Third Judicial District, and has been at all times pertinent hereto. Plaintiff Juan L. Aune is and was at all times material spouse of Wendy M. Bouwens.

EXHIBIT A
Page 1 of 10

3. Facts alleged and known upon information and belief in respect to actions and omissions material to the claims and causes of action of the Plaintiffs in this complaint alleged, are that:

   a. Bottling Group, LLC a/k/a Pepsi Cola Bottling Company ("Bottling Group" or "Pepsi)" was and is an active business entity in good standing at the time pertinent to the here material events;

   b. Bottling Group was and is doing soft drink manufacturing business in Anchorage, Alaska, in the Third Judicial District;

   c. Bottling Group is by registration a foreign limited liability corporation of Delaware, of which Pepsi-Cola appears to own a majority holding, and is registered and in good standing to do business in Alaska;

   d. Bottling Group was and is also by records of the Municipality for this location the owner and operator of the industrial property and premises commonly known as the Pepsi Distribution Warehouse located at 521 E. 104th Avenue, in Anchorage, Alaska at all times pertinent hereto;

   e. Bottling Group was and is in control of and responsible for and in direct operation, control,

Complaint for Damages on Personal Injury
Bouwens v. Bottling Group, LLC, 3AN-14-____ CI
Page 2

EXHIBIT A
Page 2 of 10
Case 3:14-cv-00033-JWS   Document 1-1   Filed 02/21/14   Page 2 of 10

and maintenance of the premises at 521 E. 104th Avenue, Anchorage, Alaska;

f. Bottling Group is the entity who acted and omitted in carrying out the responsibility of constructing, install, and maintaining use of the particular instrumentality and location of Plaintiff's injuries; and

g. Bottling group is the entity that acted and directed the use of the premises and directed and required use of the area upon which the instrumentality of injury operated.

4. Additional Fact allegations regarding Plaintiff's employer Weaver Brothers, Inc. common to all counts, are:

a. On or about February 22, 2012, Plaintiff was working for Weaver Brothers, Inc. as a truck delivery driver;

b. Weaver Brothers, Inc. is self-insured for purposes of worker's compensation insurance, and employees Harbor Adjusting to adjust its worker's compensation claims, including the claim of Plaintiff Wendy Bouwens; and

c. In accordance with AS 23.30.015 and the cases interpreting that Act, Plaintiff Wendy Bouwens seeks recovery to and for employer/adjusting firm of the incurred and future benefits of workers

EXHIBIT A
Page 3 of 10

Case 3:14-cv-00033-JWS   Document 1-1   Filed 02/21/14   Page 3 of 10

compensation net of her fees and costs and from the recovery here sought. The employer/adjusting firm are not a party but are entitled to and demands of Plaintiff to be subrogated to and from any recovery she has;

5. Additional facts relating to events, acts and omissions here material and common to all counts are:

   a. On February 22, 2012, after completing a delivery/picking up a delivery and after dropping off/picking up the necessary paperwork inside the building, Plaintiff was walking out the designated door of Defendant's premises when a large piece of hardened snow drop from a height of approximately 30 feet, striking Plaintiff on her neck and shoulders;

   b. This incident occurred after Anchorage experienced significant snow falls that season and into the month of February 2012;

   c. At the time of the subject incident, the building's roof was a flat metal roof with a significant down sloping angle that angled snow directly over the building's exit door;

   d. Plaintiff was an invited guest in this building, and was directed to use this particular doorway for entrance and egress to this building, despite the known

Complaint for Damages on Personal Injury
Bouwens v. Bottling Group, LLC, 3AN-14-____ CI
Page 4

Case 3:14-cv-00033-JWS   Document 1-1   Filed 02/21/14   Page 4 of 10

EXHIBIT A
Page 4 of 10

fact that snow and accumulated ice had and would again fall from the roof above;

e. Plaintiff was injured due to this known dangerous and hazardous condition; and

f. While there was a warning posted on the doorway, this was the designated ingress and egress point for conducting business with Defendant. Additionally the warning was posted only on the exterior and the plaintiff directed to exit from the interior where neither a sign nor a view of the hazard was available.

6. Additional facts relating to the damages and injuries for which relief is sought and common to all counts:

a. Plaintiff Wendy M. Bouwens suffered injuries to her neck and left shoulder, resulting in surgeries to both body parts;

b. Plaintiff Wendy M. Bouwens' incurred painful and debilitating conditions which greatly limits her in diverse ways;

c. These limitations include disability to perform ongoing her job duties for Weaver Brothers;

d. These limitations include loss of enjoyment of activities previously enjoyed outside employment;

e. Plaintiff Juan L. Aune has suffered the loss of his wife's consortium and services;

EXHIBIT A
Page 5 of 10

Case 3:14-cv-00033-JWS   Document 1-1   Filed 02/21/14   Page 5 of 10

7. The total damages and separately both the economic and non-economic damages greatly exceed the jurisdictional minimums of the Superior Court, inter alia:

   a. Plaintiff Wendy M. Bouwens suffered economic damages including, but not limited to, medical expense and loss of income past and ongoing;

   b. Plaintiff Juan L. Aune suffered damages including loss of consortium and services of his wife;

   c. Plaintiff Wendy M. Bouwens has and continues to suffer pain and loss of enjoyment of life and other damages; and

   d. The total damages are ongoing and likely well exceed $500,000.00, but with the exact amount to be proven at trial.

8. Plaintiff's Wendy M. Bouwens' accident, injuries and subsequent damages on February 22, 2012 occurred in Anchorage, Alaska and as such the Superior Court of Anchorage has jurisdiction of the event and of the parties.

## COUNT I

9. Defendant had a duty to properly construct, design, and maintain the entranceway of its building located at 521 E. 104th Ave. in Anchorage, Alaska and to keep said entranceway free of hazardous falling snow.

EXHIBIT A
Page 6 of 10

10. Defendant were in breach of that duty by failing to properly construct, design, and/or maintain and/or remove hazardous conditions from the entranceway of its building.

11. Defendant's failure to properly construct, design, and/or maintain the entranceway of its building and/or remove hazardous conditions constitutes negligence on the part of Defendant.

## COUNT II

12. The design of this sloping roof over a doorway was manifestly unreasonable and dangerous.

13. The location to which on this instance, Plaintiff Wendy M. Bouwens was lawfully and invited upon and to these premises and location by Defendant was hazardous.

14. Defendant's actions and omissions in creating and exposing Plaintiff Wendy M. Bouwens to this hazard were unreasonable.

15. Defendant had a duty to the persons who might be reasonably expected to be about the premises (including here Plaintiff Wendy M. Bouwens) to provide a reasonably safe premises.

16. Defendant breached its duties to provide a safe premises and location to Plaintiff Wendy M. Bouwens.

Complaint for Damages on Personal Injury
Bouwens v. Bottling Group, LLC, 3AN-14-____ CI
Page 7

EXHIBIT A
Page 7 of 10

Case 3:14-cv-00033-JWS   Document 1-1   Filed 02/21/14   Page 7 of 10

## COUNT III

17. Defendant's actions and omissions in exposing Plaintiff Wendy M. Bouwens to a hazard known to it were unreasonable.

18. Defendant had a duty to mitigate or otherwise warn and secure against the notoriously dangerous condition created and extant in the location to which such Defendant could foreseeably anticipate Wendy M. Bouwens or others on the premises would or could enter and exit.

19. Defendant's actions breached its duties to Plaintiffs and foreseeably damaged and injured Plaintiffs.

## COUNT IV

20. John Doe (1&2) represent such person or persons who had separately or jointly the duties in above counts alleged to be those of Defendant Bottling Group but whose existence and identity is unknown and unavailable to plaintiff until discovery or disclosure.

21. Represents the person(s) who separately or employee were given duty to maintain, make safe, or mitigate the risks or failed to do so.

22. The identity of the persons is unknown pending discovery.

Complaint for Damages on Personal Injury
Bouwens v. Bottling Group, LLC, 3AN-14-____ CI
Page 8

EXHIBIT A
8 of 10

Case 3:14-cv-00033-JWS   Document 1-1   Filed 02/21/14   Page 8 of 10

WHEREFORE, having stated their Complaint, Plaintiffs Wendy M. Bouwens and Juan L. Aune pray for judgment against Defendant as follows:

1. For general and special damages for Plaintiff in an amount in excess of $500,000.00 the exact amount to be proven at trial.

2. For pre-judgment interest at the maximum rate allowable by law;

3. For Plaintiffs costs and attorney's fees incurred in pursuing this action;

4. For Plaintiff Juan L. Aune loss of consortium as at trial will be shown;

5. And such other and further relief as the Court may deem just and equitable in the premises.

DATED at Anchorage, Alaska this 17th day of January 2014.

REHBOCK & REHBOCK

By: _____
Robert A. Rehbock
Alaska Bar #7710159
Attorney for Plaintiffs

Complaint for Damages on Personal Injury
Bouwens v. Bottling Group, LLC, 3AN-14-____ CI
Page 9

EXHIBIT A
Page 2 of 10

Case 3:14-cv-00033-JWS   Document 1-1   Filed 02/21/14   Page 9 of 10

# IN THE DISTRICT/SUPERIOR COURT FOR THE STATE OF ALASKA
## AT ANCHORAGE

WENDY M. BOUWENS and JOHN L. AUNE,

           Plaintiff(s),

vs.

BOTTLING GROUP, LLC a/k/a PEPSI COLA BOTTLING COMPANY and JOHN DOE (1 & 2),

           Defendant(s).

CASE NO. 3AN-14-4536 CV

## SUMMONS AND NOTICE TO BOTH PARTIES OF JUDICIAL ASSIGNMENT

To Defendant: BOTTLING GROUP, LLC

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at 825 W. 4th Avenue, Anchorage, Alaska 99501 (address) within 20 days* after the day you receive this summons. In addition, a copy of your answer must be sent to the plaintiff's attorney, Robert A. Rehbock, Rehbock & Rehbock, whose address is: 301 E. Fireweed Ln., Ste. 101, Anchorage, AK 99503.

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

## NOTICE OF JUDICIAL ASSIGNMENT

To: Plaintiff and Defendant

You are hereby given notice that this case has been assigned to Judge SUDDOCK.

(SEAL)

Date: 1-21-14

CLERK OF COURT

By: _____ Deputy Clerk

EXHIBIT A
Page 10 of 10

* The State or a state officer or agency named as a defendant has 40 days to file its answer.

CIV-100 (5/02)(st.2) SUMMONS     Civil Rules 4, 5, 12, 42(c) 55